**DLD-003**                                                              NOT PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2512
_____

IN RE: DAVID J. CATANZARO,
                                    Petitioner
_____

Submitted on a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
and by the Clerk for Possible Dismissal for Lack of Jurisdiction
(Related to Civ. Nos. 3:22-cv-01754 & 3:22-cv-01768)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 2, 2025

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion and Order filed October 17, 2025)
_____

OPINION* AND ORDER OF THE COURT
_____

PER CURIAM

David Catanzaro petitions this Court for a writ of mandamus, alleging undue delay

and prejudice in the adjudication of his two patent infringement actions. He seeks an

order directing the District Court to transfer the matters to the District Court for the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Western District of Pennsylvania. Because we determine that we lack jurisdiction to entertain the mandamus petition, we will direct the Clerk to transfer the mandamus petition to the United States Court of Appeals for the Federal Circuit.

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The underlying patent infringement actions were brought pursuant to 28 U.S.C. § 1338(a), and were based entirely on federal patent law. The Federal Circuit has exclusive appellate jurisdiction over those actions, see 28 U.S.C. § 1295(a)(1), and, thus, it has exclusive mandamus jurisdiction as well, see In re Arunachalam, 812 F.3d 290, 293 (3d Cir. 2016). Therefore, because we lack jurisdiction that issuance of the writ might assist, we lack jurisdiction over the mandamus petition.

In light of the foregoing, and because it is in the interests of justice, the Clerk is directed to transfer the mandamus petition to the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1631. We express no opinion on the merits of the petition. Our disposition terminates this proceeding in this Court.

A True Copy:

Patricia S. Dodszuweit, Clerk

2